# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ARDOR AGENCY LLC,**
          **Plaintiff,**

   v.                                                                              Case No. 08C0812

**IMPERIUM INTELLIGENCE, INC.,**
          **Defendant.**

## ORDER

On September 25, 2008, plaintiff brought this diversity action against defendant Imperium Intelligence, Inc., alleging that defendant breached a non-disclosure agreement the parties had entered, converted Ardor's property, tortiously interfered with Ardor's business relations and advantage, and violated Wisconsin's Civil Theft Statute, Trade Secret Act, and Unfair Trade Practices provisions. Plaintiff's claims arise generally from the breakdown of negotiations for the sale of Ardor's assets to Imperium, after which Imperium improperly retained and used Ardor's confidential and proprietary business and trade secret information in violation of several provisions of the non-disclosure agreement. Plaintiff served defendant with a copy of the complaint and summons on October 3, 2008. Defendant had until October 23, 2008 to answer the complaint, but failed to do so. Plaintiff thereafter filed a motion for entry of default and a motion for default judgment. The clerk of court entered default. Before me is plaintiff's motion for default judgment.

I will first address jurisdiction. As to subject matter jurisdiction, this action falls within the realm of diversity jurisdiction. Plaintiff is an LLC whose sole member is a citizen of Wisconsin, and defendant is a North Carolina corporation with its principal place of

business also in North Carolina; thus, complete diversity of citizenship exists. 28 U.S.C. § 1332(a). Additionally, the amount in controversy pled in the complaint exceeds $75,000.[1] Id.

Regarding personal jurisdiction, the Seventh Circuit has not yet decided if "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case." e360 Insight v. Spamhaus Project, 2007 WL 2445016 (7th Cir. Aug. 30, 2007) (quoting Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997). To be thorough, I will address it anyway. In determining whether personal jurisdiction exists, I may rely on the complaint, affidavits, deposition testimony, exhibits or other evidence in the record. Schimpf v. Gerald, Inc., 2 F. Supp. 2d 1150, 1160 (E.D. Wis. 1998).

In diversity cases, a federal court has personal jurisdiction over the parties only if a court in the state in which the federal court sits would have jurisdiction. See Fed. R. Civ. P. 4(e); see also Dorf v. Ron March Co., 99 F. Supp. 2d 994, 996 (E.D. Wis. 2000). Therefore, I first must decide whether defendant is subject to personal jurisdiction under Wisconsin's long-arm statute and, if so, whether exercising jurisdiction under the statute is consistent with the due process requirement of the Fourteenth Amendment. Dorf, 99 F. Supp. 2d at 996.

Under Wisconsin's long-arm statute, Wis. Stat. § 801.05, a Wisconsin court may exercise two types of jurisdiction over a non-resident defendant, specific jurisdiction and general jurisdiction. Specific jurisdiction exists when the litigation arises out of or is related

---

[1] Plaintiff seeks over $100,000 in damages, as well as declaratory and injunctive relief.

2

to the defendant's contacts with Wisconsin.  <u>Wayne Pigment Corp. v. Halox</u>, 220 F. Supp. 2d 931, 934 (E.D. Wis. 2002).  General jurisdiction requires that a defendant have more substantial contacts with Wisconsin but authorizes a court to entertain any action against the defendant regardless of its subject matter.  <u>Id.</u> at 933.

In the present case, I have specific jurisdiction over defendant based on Wis. Stat. § 801.05(6)(c), which confers jurisdiction over a defendant in any action which involves "[a] claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this state at the time the defendant acquired possession or control over it."  In this case, the claims arise in part from defendant's wrongful retention and use of plaintiff's proprietary and confidential business and trade secret information, which defendant gained access to and copies of while visiting plaintiff's offices in Wisconsin.

Turning to due process requirements, Wisconsin courts presume that compliance with the Wisconsin long-arm statute satisfies due process.  <u>Wayne Pigment Corp. v. Halox</u>, 220 F. Supp. 2d 931, 935 (E.D. Wis. 2002).  Due process permits a Wisconsin court to exercise jurisdiction over a defendant who has minimum contacts with Wisconsin consistent with "traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).  A defendant must have purposefully established the contacts and "availed itself of the privilege of conducting activities" within the state, such that the defendant could reasonably anticipate being haled into court there.  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474-76 (1985).  And with cases involving specific jurisdiction, the claim must arise out of the contacts with Wisconsin.  <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).

3

In this case, defendant's contacts with Wisconsin are enough to meet due process requirements, and plaintiff's claims arise directly from those contacts. According to the complaint, defendant traveled to Wisconsin to review plaintiff's business operations and to obtain plaintiff's proprietary and confidential business and trade secret information. Defendant spent two days in Wisconsin at plaintiff's offices, during which time plaintiff gave defendant access to and copies of its proprietary and confidential information. Defendant initiated various communications with plaintiff in Wisconsin regarding the transaction and the proprietary and confidential information. Additionally, defendant directly contacted and solicited one of plaintiff's largest clients in Wisconsin. Defendant therefore purposefully availed itself of the privilege of conducting activities in Wisconsin and could reasonably anticipate being haled into court in Wisconsin because of its activities within the state.

Having concluded that jurisdiction is proper in this matter, I now turn to the request for default judgment. Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). So long as complaint states a valid claim for relief (and the court has jurisdiction over the parties and the subject matter of the action), the court should grant default judgment. Even so, the party seeking default judgment must prove its damages. Dundee, 722 F.2d at 1323. A court examining a motion for default judgment should hold a hearing as to damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. After reviewing the complaint and the relevant law, I conclude that the complaint asserts a valid claim for relief on the counts set forth in the complaint. Thus, I turn to the requested relief.

Plaintiff seeks liquidated damages for its claims, as well as declaratory and injunctive relief. Based on the allegations in the complaint, I conclude plaintiff is entitled to the requested declaratory and injunctive relief. Plaintiff has suggested that the requested relief is necessary to prevent plaintiff from suffering future damage for which there is no adequate remedy at law, and the requested relief is specifically contemplated by the agreement of the parties. (Compl. at 14.) Regarding damages, plaintiff seeks $109,082.96 in statutory damages. This sum is comprised of $27,270.74 in attorneys fees and costs, plus exemplary damages in the amount of $81,812.22, which is treble the attorneys fees and costs, pursuant to Wis. stat. § 895.446(3)(c). Plaintiff has filed documentation supporting the amount of attorneys fees and costs. Thus, I conclude that plaintiff is entitled to attorneys fees and costs in the amount of $27,270.74. Regarding exemplary damages, plaintiff relies on Wis. stat. § 895.446(3)(c) for its claim that it is entitled to treble the attorneys fees and costs. However, that statute provides for exemplary damages of no more than treble the amount of actual damages awarded under § 895.446(3)(a). Attorneys fees and costs, however, are awarded pursuant to § 895.446(3)(b), and are therefore not included in the calculation of exemplary damages. As plaintiff has not provided documentation supporting any actual damages independent of the costs of litigation, I have no basis for awarding damages pursuant to either § 895.446(3)(a) and § 895.446(3)(c). Thus, I conclude, based on the record before me, plaintiff is only entitled to the $27,270.74 in attorneys fees and costs.[2]

---

[2] The fact that a plaintiff is ultimately awarded less than the $75,000 diversity jurisdiction threshhold does not deprive me of jurisdiction over this case. See Rosado v. Wyman, 397 U.S. 397, 405 n.6 (1970)

**For the reasons stated,**

**IT IS ORDERED** that plaintiffs' motion for default judgment is **GRANTED** as discussed herein.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18 day of March, 2009.

/s
LYNN ADELMAN
District Judge